Sire Spirits, LLC v Beam Suntory, Inc. (2025 NY Slip Op 01304)

Sire Spirits, LLC v Beam Suntory, Inc.

2025 NY Slip Op 01304

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Renwick, P.J., Gesmer, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 650799/23|Appeal No. 3848-3849-3850|Case No. 2024-05416 2024-05417 2024-05578|

[*1]Sire Spirits, LLC, et al., Plaintiffs-Respondents,
v
Beam Suntory, Inc., et al., Defendants, Michael Caruso, et al., Defendants-Appellants.
Michael Caruso, et al., Counterclaimants/Crossclaimants-Appellants,
v
Curtis J. Jackson, III, et al., Counterclaim and Third-Party Defendants-Respondents, 4G's Ventures, Inc., et al., Crossclaim and Third-Party Defendants.

Arnold & Porter Kaye Scholer LLP, New York (Paul J. Fishman of counsel), for appellants.
Blank Rome LLP, New York (Judith Gische and Molly Henneberry of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered August 8, 2024 and supplemental order, same court and Justice, entered on or about August 12, 2024, which, insofar as appealed from as limited by the briefs, denied defendants Michael Caruso and MCF Consulting, Inc.'s motions to seal a recording and corresponding transcript, unanimously reversed, on the law and in the exercise of discretion, without costs, and the motions granted. Order, same court and Justice, entered August 8, 2024 and supplemental order, same court and Justice, entered on or about August 12, 2024, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion to dismiss the wiretapping (second through fifth) counterclaims, unanimously modified, on the law, and the motion denied with respect to the fourth and fifth counterclaims to the extent predicated on disclosures or uses that defendants Michael Caruso and MCF Consulting, Inc. first had reasonable opportunity to discover within two years of filing those counterclaims, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about August 19, 2024, which denied defendants Michael Caruso and MCF Consulting, Inc.'s motion to compel discovery regarding the disclosure and use of the subject recording, unanimously affirmed, without costs.
The second and third counterclaims, which are based on plaintiffs' alleged illegal interception of the communication, were properly dismissed as time-barred. Defendants Michael Caruso and MCF Consulting, Inc. (the Caruso parties) were aware and in possession of the recording and transcript as of July 2021, at which point they were on inquiry notice of a wiretapping violation, but they did not assert these counterclaims until more than two years thereafter (see generally 18 USC § 2520[e]; NJ Stat Ann § 2A:156A-32[d]; Sparshott v Feld Entertainment, Inc. , 311 F3d 425, 429 [DC Cir 2002]; Davis v Zirkelbach , 149 F3d 614, 618 [7th Cir 1998], cert denied 525 US 1121 [1999]). Nor do the statements relied on by the Caruso parties in support of their argument that plaintiffs concealed the wiretapping violation save those claims because the statements were not false, were made after the statute of limitations already expired, or did not rule out the possibility that none of the parties to the subject communication had consented to its being recorded.
In view of our disposition of this issue, we need not reach the parties' arguments with respect to implied consent or the sufficiency of the allegations of intent and interception using a device.
The fourth and fifth counterclaims, which are based on plaintiffs' disclosure and use of the allegedly illegally intercepted communication, were also properly dismissed as time-barred but only to the extent they were based on conduct occurring, and which the Caruso parties first had reasonable opportunity to discover, more than two years before their filing. Each disclosure or use constitutes a separate [*2]violation triggering its own limitations period — at least to the extent it results in disclosure to "a third party who has not yet heard it" (see Bliss v CoreCivic, Inc. , 978 F3d 1144, 1148-1149 [9th Cir 2020], reh en banc denied 2020 US App LEXIS 37939 [9th Cir Dec. 4, 2020, No. 19-16167]; Fultz v Gilliam , 942 F2d 396, 402, 404 [6th Cir 1991]).
Nor do plaintiffs' remaining contentions provide an appropriate basis to dismiss the fourth and fifth counterclaims because it is not clear, as a matter of law, that the underlying recording was lawfully made, that all of plaintiffs' disclosures and uses were lawful, or that the Caruso parties' own conduct justified plaintiffs' disclosures and uses. Parties may make arguments based on the independent recollections of any of the parties to the communication, as well as disclose the recording and transcript to parties who had already heard or seen them (see generally Epstein v Epstein , 843 F3d 1147, 1152 [7th Cir 2016], cert denied 581 US 993 [2017]; Fultz v Gilliam , 942 F2d at 402). Parties may also disclose these documents to their attorneys and the court in connection with their defense to the wiretapping counterclaims, provided such disclosures were made in confidence (see generally Nix v O'Malley , 160 F3d 343, 351-352 [6th Cir 1998], reh en banc denied 1999 US App LEXIS 5446 [6th Cir Feb. 9, 1999, No. 97-4086/4165]). Here, however, some of the alleged disclosures arguably may have exceeded these bounds, including those predating the assertion of any wiretapping claims and involving the public filing of the transcript. It is not dispositive that Caruso's statements were redacted from the publicly filed transcripts, as his identity and the reaction to his statements were not. And the fact that selected quotations from the recording had been previously publicly disclosed in a separate action did not render the entire recording "public information."
It is also not clear as a matter of law that the Caruso parties' own disclosures and uses of the recording and transcript, which did not include any public disclosures of the contents of the recording, justified all of plaintiffs' disclosures and uses. Therefore, the fourth and fifth counterclaims are reinstated to the extent predicated on disclosures or uses that the Caruso parties had reasonable opportunity to discover within two years of filing those counterclaims.
The motions to seal the recording and transcript should have been granted. The disclosure, use, and admission into evidence of the contents of an illegally intercepted communication are expressly prohibited by federal and New Jersey law (see 18 USC §§ 2511[1][c]-[d], 2515; NJSA §§ 2A:156A-3[b]-[c], 2A:156A-17, 21), regardless of whether any corresponding wiretapping claims are asserted. Although the question of sealing is distinct from the question of use or admissibility, sealing is necessary to preserve the confidentiality of documents that may ultimately be determined to not be subject to disclosure[*3].
The motion to compel additional discovery regarding plaintiffs' disclosures and uses of the recording was, however, properly denied. While such discovery is generally relevant to the disclosure and use counterclaims, plaintiffs have already provided sufficient information on this topic. In view of our disposition of this issue, we need not reach the parties' arguments with respect to privilege.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025